UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:24-cr-00153 |
| Plaintiff, | ) ) | Judge J. Philip Calabrese |
| v. | ) ) | Magistrate Judge Reuben J. Sheperd |
| CEDRIC THOMAS, | ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Defendant Cedric Thomas moves to compel discovery from the United States regarding any audio and video recordings of alleged controlled buys between him and any confidential informants, as well as any chain of custody documents for any seized narcotics associated with Defendant's alleged conduct. The United States agrees to provide chain of custody information limited to the drugs charged in the indictment in this case, but otherwise opposes the motion. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion.

FACTUAL AND PROCEDURAL BACKGROUND

On May 1, 2024, a grand jury indicted Mr. Thomas, charging him with possession with intent to distribute methamphetamine, fentanyl, and cocaine, as well as being a felon in possession of a firearm. (ECF No. 1, ¶¶ 1–4, PageID #13–15.) On June 26, 2024, the United States provided discovery to defense counsel consisting of police reports, a copy of the search warrant for Mr. Thomas's home, the supporting affidavit, 96 photographs of Mr. Thomas's home, a laboratory report for the testing of

1

the drugs that officers seized in Mr. Thomas's home, and Mr. Thomas's criminal history. (ECF No. 30, PageID #102.) After the Court appointed new counsel to represent Mr. Thomas, defense counsel made a discovery request, and the United States provided a copy of the previous disclosures, as well as two additional laboratory reports, on November 26, 2024. (*Id.*)

Then, defense counsel requested any audio or video recordings of two uncharged controlled drug purchases allegedly made between Mr. Thomas and a confidential source, which the affidavit in support of the warrant to search Mr. Thomas's home described. (*Id.*) Although the United States maintained that Mr. Thomas was not entitled to these recordings, it reviewed them and determined that it could provide two screen captures from the videos of the controlled drug purchases at Mr. Thomas's home without revealing the identity of the confidential source. (*Id.*, PageID #102–03.) These screen captures included an image of Mr. Thomas holding a plastic bag containing illegal drugs. (*Id.*, PageID #103.) According to the United States, there "were no other parts of the recordings that could be provided without disclosing the identity of the confidential source." (*Id.*) At oral argument, the United States represented that the voice of the confidential informant would be identifiable. Further, the United States indicated that it had provided date and time stamps with the two screenshots that it provided to Defendant.

On August 4, 2025, Defendant filed a motion to compel discovery, asking that the Court order the United States to provide any audio and video recordings of alleged buys between Defendant and any confidential informants, as well as any chain of

custody documents for any seized narcotics associated with Defendant's alleged conduct. (ECF No. 29, PageID #99–100.) In opposition, the United States indicated that, "[t]o the extent Defendant's request for chain of custody information is limited to drugs charged in the indictment in the instant case, the government does not object to the motion and will provide such material," but otherwise opposed the motion. (ECF No. 30, PageID #103.) At oral argument, counsel confirmed that the United States provided this information.

On September 26, 2025, the Court held oral argument on Defendant's motion to compel discovery. At argument, defense counsel indicated that Defendant sought disclosure of the requested information to determine whether a suppression motion would be appropriate and whether the evidence undermined probable cause for the search warrant of Defendant's home.

## ANALYSIS

Rule 16 of the Federal Rules of Criminal Procedure governs discovery in criminal cases. As relevant here, it provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy . . . papers, documents, data, . . . or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim P. 16(a)(1)(E). Unlike the broad scope of discovery available to parties in civil cases, discovery in criminal cases is more limited. "[D]iscovery afforded by

3

Rule 16 is limited to the evidence referred to in its express provisions." *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988). "[I]n most criminal prosecutions, the *Brady* [*v. Maryland*, 373 U.S. 83 (1963),] rule, Rule 16 and the Jencks Act[] exhaust the universe of discovery to which the defendant is entitled." *Id.* at 1285 n.12 (citing *United States v. Napue*, 834 F.2d 1311, 1316–17 (7th Cir. 1987), and *United States v. Bouye*, 688 F.2d 471, 473 (7th Cir. 1982)). Indeed, "there is no general constitutional right to discovery in a criminal case." *Id.* at 1281 (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

Even so, district courts "may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it." *Id.* at 1285 n.12. Additionally, the law of this Circuit recognizes that Rule 16 "is intended to prescribe the minimum amount of discovery to which the parties are entitled, and leaves intact a court's discretion to grant or deny the broader discovery requests of a criminal defendant." *United States v. Richards*, 659 F.3d 527, 543 (6th Cir. 2011) (quoting *United States v. Jordan*, 316 F.3d 1215, 1249 n.69 (11th Cir. 2003)).

### I. Materiality and Case-in-Chief

Here, none of the factors under Rule 16 are satisfied. All of the charges pertaining to drugs in the indictment regard possession with intent to distribute. (ECF No. 1, ¶¶ 1–3, PageID #13–14.) The indictment makes no reference to any controlled buys.

In *United States v. Sanders*, 106 F.4th 455, 472 (6th Cir. 2024), the Sixth Circuit affirmed the district court's denial of additional discovery under Rule

4

16(a)(1)(E) regarding "two categories of documents relating to the controlled buys discussed in the search warrant affidavit." The Sixth Circuit observed that the defendant "ma[de] a vague request for evidence related to 'law enforcement's investigative methods, the timing of the alleged controlled buys, and the nature and extent of [police] surveillance' to 'gauge the caliber of the investigation,' with no explanation of how that evidence would refute the government's case-in-chief." *Id.* at 474 (citation modified). Further, the Sixth Circuit noted that the defendant did "not meaningfully challenge his possession of the contraband in his apartment or even the validity of the controlled-buy evidence underpinning the search warrant" and that the defendant "merely speculate[d] that the reports contain information that cast[ed] doubt on the validity of the warrant or would otherwise help him 'explore' or 'discredit' other parts of the investigation." *Id.* at 474–75.

In this case Defendant seeks additional discovery because he argues that, without it, he otherwise "cannot meaningfully challenge the validity of the warrant or the truthfulness of the affidavit." (ECF No. 33, PageID #115.) But hope that the recordings might contain material that Defendant can use to challenge the validity or truthfulness of the warrant is not enough to compel disclosure. *Sanders*, 106 F.4th at 474–75.

Defendant cites *Franks v. Delaware*, 438 U.S. 154 (1978), to argue that "[i]f the recordings show discrepancies between what occurred and what the affidavit represents this could demonstrate a . . . violation and require suppression." (ECF No. 33, PageID #116.) Again, "if" there is a possibility that the recordings show

5

discrepancies that "could" require suppression is insufficient speculation for purposes of disclosure. *Sanders*, 106 F.4th at 474–75. Further, the United States represents that it does not intend to call the confidential source featured in the recordings at issue as a witness at trial. (ECF No. 30, PageID #104.) For that reason, the material sought does not fall within Rule 16(a)(1)(E)(ii).

## II. Confidential Informant

Defendant faces another hurdle: the disclosure of the identity of a confidential informant in the controlled buy recordings. "A defendant must provide some evidence that disclosure of the informant's identity would assist in his defense before disclosure will be warranted." *United States v. Doxey*, 833 F.3d 692, 707 (6th Cir. 2016) (quoting *United States v. Ray*, 803 F.3d 244, 274 (6th Cir. 2015)).

Defendant cites *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957), to argue that "disclosure is required when the informant's identity or communications are 'relevant and helpful to the defense of an accused or is essential to a fair determination of a cause.'" (ECF No. 33, PageID #116.) In *Roviaro*, however, the Supreme Court specified that "no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* This case involves charges of possession with intent

6

to distribute various narcotics.  (ECF No. 1, ¶¶ 1–3, PageID #13–14.)  Any information related to the confidential informant will not change the fact that the drugs at issue were allegedly seized from Defendant's home.

In *United States v. Allen*, No. 1:19-cr-647, 2021 WL 243188, at *6 (N.D. Ohio Jan. 25, 2021), the court determined that the defendant was not entitled to the disclosure of the identity of a confidential informant or video and audio surveillance related to a controlled buy because (1) "defendant was not charged with any crimes relating to the controlled buy, but was, instead, charged with crimes associated with the fruits of the search warrant the controlled buy helped secure," (2) the confidential informant "was not a witness to any of the evidence related to the search warrant that was executed after the controlled buy," and (3) "the government represent[ed] that the [confidential informant would] not be testifying at trial."  So too here.  Defendant's charges do not directly relate to the controlled buys at issue, the United States has not represented that the confidential informant was witness to any of the evidence following the controlled buy, and the United States represented that the confidential informant will not testify at trial.  (ECF No. 1, ¶¶ 1–3, PageID #13–14; ECF No. 30, PageID #104.)

Moreover, to the extent Defendant challenges the validity of the affidavit regarding its reliance on the confidential informant's claims, such a challenge "must be more than conclusory."  *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990).  Indeed, Defendant "[m]ust point to specific false statements that he claims were made intentionally or with reckless disregard for the truth."  *Id.*  He has not done so here.

7

*See United States v. Schumacher*, 611 F. App'x 337, 340 (6th Cir. 2015) (affirming the district court's denial of the defendant's motion to suppress because the defendant "failed to identify any false statements within the affidavit or provide any evidence that information material to the existence of probable cause was omitted from the affidavit").

Again, Defendant's "speculat[ion] that the [recordings] contain information that casts doubt on the validity of the warrant or would otherwise help him 'explore' or 'discredit' other parts of the investigation" is not enough to order disclosure. *Sanders*, 106 F.4th at 474–75. This speculation, balanced with the public interest of protecting the identity of confidential informants, does not tip the scales in favor of disclosure in this case. *Roviaro*, 353 U.S. at 62.

### III. *In Camera* Review

Defendant argues that "the Court should conduct an in camera review of the recordings" because "[c]ourts routinely employ this procedure to balance the Government's privilege with the Defendant's rights." (ECF No. 33, PageID #116–17.) "[T]he decision whether to engage in *in camera review* rests in the sound discretion of the district court." *United States v. Zolin*, 491 U.S. 554, 572 (1989). "An in camera hearing is not required when the defendant fails to identify how the informant's testimony could be relevant or helpful." *United States v. Dorsey*, No. 1:21-cr-543, 2022 WL 16696258, at *1 (N.D. Ohio Nov. 3, 2022) (quoting *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985)). Defendant bears the burden of demonstrating to the court "how disclosure of the informant would substantively assist in his defense."

8

*Id.* (quoting *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992)).  Because the Court has already determined that the information Defendant seeks is not discoverable, there is no need for an *in camera* review.  Further, where, as here, there was surveillance of the controlled buy in addition to the involvement of a confidential informant, "this case does not 'rise and fall' on the information provided by the confidential informant[]." *Dorsey*, 2022 WL 16696258, at *1.

## CONCLUSION

For all these reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to compel discovery.  (ECF No. 29.)  Specifically, the Court **GRANTS** the motion as it relates to the chain of custody documentation for the drugs charged in the indictment, which counsel agreed at oral argument the United States already provided, but **DENIES** the motion to compel production of the other requested information.

**SO ORDERED.**

Dated:  October 9, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio